**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**GULFPORT DIVISION**

In re:                                                                  Case No.: 25-51454-KMS

Lula Mae Smith,                                                Chapter: 13

    Debtor.

**OBJECTION OF EXETER FINANCE LLC TO**
**CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN**

EXETER FINANCE LLC ("Movant"), a secured creditor herein, by and through its undersigned attorneys, files its objection to confirmation of the proposed plan and states as follows:

1. On September 30, 2025, Ladonna Combs Scott (the "Debtor") filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code (the "Petition Date").

2. This Court has jurisdiction of the parties and the subject matter pursuant to 28 U.S.C. §§157, 1334 and 11 U.S.C. § 1324.

3. On April 10, 2025, the Debtor executed and delivered that certain Retail Installment Sale Contract (the "Note"), which was assigned to MOVANT, for the purchase of 2020 Chevrolet Spark bearing Vehicle Identification Number KL8CD6SA8LC474350 (the "'Collateral"). A true and correct copy of the Note is attached hereto as **Exhibit "A."**

4. In order to secure its purchase money security interest evidenced by the Note, Movant recorded its lien by notating the Title (the "Title"), a true and correct copy of which is attached hereto as **Exhibit "B."**

5. On September 30, 2025, the Debtor filed a Chapter 13 Plan (Dkt. 2) (the "Plan").

6. Movant has a secured 910 claim in the amount of $12,819.01 ("MOVANT'S CLAIM"). A Proof of Claim will be timely filed.

2

7. The Plan calls to properly value Movant's 910 claim, with the claim amount listed in MOVANT's Proof Claim controlling over any contrary amount listed in Debtor's Plan, but fails to provide for the proper treatment of Movant's Claim based on the fact that the Plan does not provide adequate assurance of lien retention as to the Collateral.

8. The Plan has not been accepted by Movant pursuant to 11 U.S.C. § 1325(a)(5)(A).

9. Movant demands that the Plan be amended to include the following language: "Exeter Finance, LLC's lien shall be retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under 1328."

WHEREFORE, Movant requests this Court to deny confirmation of the Plan and for such further relief as this Court deems appropriate.

Dated this 21st day of October, 2025.

*/s/ Christopher D. Meyer*
Christopher D. Meyer, Esq. (MSB 103467)
*Attorney for Exeter Finance LLC*

OF COUNSEL:
BURR & FORMAN LLP
The Pinnacle at Jackson Place
190 E Capitol Street, Suite M-100
Jackson, MS 39201
Telephone: (601) 355-3434
Facsimile: (601) 355-5150
cmeyer@burr.com

63237307 v1

3

**CERTIFICATE OF SERVICE**

HEREBY CERTIFY that a copy of the foregoing has been served on this 21st day of October, 2025, either by electronic transmission or by United States first class mail postage prepaid to the following:

**Debtor:**
Lula Mae Smith
402 S Hattiesburg Ave
Hattiesburg, MS 39401

**Counsel for the Debtor:**
Thomas Carl Rollins, Jr
The Rollins Law Firm, PLLC
PO BOX 13767
Jackson, MS 39236

**Trustee:**
David Rawlings
Chapter 13 Trustee
P.O. Box 566
Hattiesburg, MS 39403

**U.S. Trustee:**
U. S. Trustee
501 East Court Street, Suite 6-430
Jackson, MS 39201

/s/ Christopher D. Meyer
OF COUNSEL